Gants, J.
The plaintiff, John Mongardi (“Mongardi”), has filed an amended complaint alleging that the defendant, State Trooper Lawrence Kiely (“Trooper Kiely”), intentionally inflicted emotional distress upon Mongardi during a traffic stop on December 23, 1998. Trooper Kiely now moves to dismiss the amended complaint for failure to state a claim. After hearing, for the reasons stated below, Trooper Kiely’s motion to dismiss is ALLOWED and the amended complaint is dismissed with prejudice.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint and all reasonable inferences favorable to the plaintiff which can be drawn from those allegations. Fairneny v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The issue is whether the facts alleged, generously construed in favor of the plaintiff, state a valid legal claim that would warrant relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
According to Mongardi’s more definite statement of his amended complaint, which the Court earlier ordered Mongardi to prepare, on December 23, 1998, Mongardi was traveling north on Route 128 in the right travel lane, headed for the Route 30 exit. His engine developed “sputter stall,” so he stopped in the breakdown lane and added dry gas to his fuel tank. A moment later, a state police cruiser driven by Trooper Kiely cut off a van, forcing the van into the breakdown lane ahead of Mongardi’s car. Three other vehicles pulled into the breakdown lane behind the van, but in front of Mongardi’s car. Mongardi wanted to move his car to a safe, grassy area ahead of the four vehicles, and attempted to leave the breakdown lane, but Trooper Kiely waved for him to return to the breakdown lane behind the four vehicles. After a lengthy wait, Trooper Kiely came to Mongardi’s car and asked for his license and registration. Mongardi tried to explain that he had car trouble, but Trooper Kiely rushed away with Mongardi’s license and registration. Fifteen minutes later, Trooper Kiely returned Mongardi’s license and registration, and told him to follow the other vehicles when they moved. From a distance, Trooper Kiely told Mongardi that, if he did not move, Trooper Kiely would move him. Mongardi followed the four vehicles briefly, but his car stalled and he moved to the right in front of Trooper Kiely’s cruiser. Mongardi feared a confrontation with Trooper Kiely, but the Trooper simply drove away in his cruiser. Four days later, Mongardi received a citation for illegally traveling in a breakdown lane on December 23, 1998. In appealing the citation, Mongardi contends that Trooper Kiely gave false testimony about all the material facts.
To prevail on a claim of intentional infliction of emotional distress, Mongardi must show that “the defendant’s conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.” Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997), quoting Payton v. Abbott Labs, 386 Mass. 540, 555 (1982). Even if one were to accept all the allegations in Mongardi’s amended complaint, as supplemented by his more definite statement, no reasonable finder of fact could conclude that Trooper Kiely’s conduct on Route 128 that day satisfied this element.
Nor may a reasonable factfinder consider Mongardi’s allegation of perjury in determining whether that element was satisfied, since Trooper Kiely’s testimony as a witness in a judicial proceeding is protected with an absolute privilege against a claim for defamation. See Correllas v. Viveiros, 410 Mass. 314 (1991). The policy reasons that led to an absolute privilege for witness testimony would be frustrated if a plaintiff could end run that privilege simply by characterizing his perjury allegation as an action for intentional infliction of emotional distress rather than defamation.
Since the allegations, even if true, fail to state a claim of intentional infliction of emotional distress, Trooper Kiely’s motion to dismiss the amended complaint is ALLOWED. A judgment shall enter dismissing the complaint with prejudice, with statutory costs awarded to the defendant.
ORDER
For the reasons stated above, this Court hereby ORDERS that:
*220 1. The defendant’s motion to dismiss the amended complaint is ALLOWED.
2. A judgment shall enter dismissing the complaint with prejudice, with statutory costs awarded to the defendant.